# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RHONDA FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-CV-00515 RWS |
| ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the civil complaint and motion for leave to commence this action without prepayment of the required filing fee of pro se plaintiff Rhonda Frazier. Plaintiff filed her civil complaint on April 15, 2025, against the State of Alabama. [ECF No. 1]. According to the complaint, plaintiff resides in St. Louis City, however, the events at issue in the complaint arise from Montgomery, Alabama. Plaintiff asserts that her brother, Terrance Frazier, was living in Montgomery, Alabama, and was killed there in July of 2022. She describes difficulties with the Montgomery Police Department, detectives employed at the Police Department, the Alabama Department of Forensic Sciences, the Alabama Juvenile Courts, and the Alabama District Attorneys' Office while she was attempting to find out what occurred to her brother and his children. Plaintiff states that she did not receive cooperation from these entities when she sought information, and she seeks damages for civil rights violations relating to the entities' failures to provide her with required information, including responses to her purported written requests.[1]

---

[1] Although plaintiff refers to the requests as "FOIA" requests in her complaint, she has not described her requests for information. Additionally, state governments do not have to comply with the Freedom of Information Act, as it formally applies only to records held by federal agencies.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. In fact, plaintiff admits in her complaint that she traveled to Montgomery, Alabama, after her brother's death to seek information from the public entities mentioned in the complaint. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that the named defendant, the State of Alabama, resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, transfer of this action to the proper venue of the United States District Court for the Middle District of Alabama would not appear to assist plaintiff in pursuing her case in that court because the State of Alabama, the only defendant named in this action, has Eleventh Amendment immunity to plaintiff's claims for relief. Because transfer would be inappropriate in this instance, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED** as moot.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 10th day of June, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE